IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JENNIE LAMPKIN,

                Plaintiff,

    v.                                    Civil Action No.
                                           5:15-CV-0944 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

DOLSON LAW OFFICE             STEVEN R. DOLSON, ESQ.
126 N. Salina Street
Suite 3B
Syracuse, NY 13202

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN     KATHRYN S. POLLACK, ESQ.
United States Attorney for the       Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on August 23, 2016, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: August 25, 2016
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
JENNIE LAMPKIN,

                        Plaintiff,

vs.                                5:15-CV-944

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------x
```

*DECISION* – August 23, 2016

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


A P P E A R A N C E S (by telephone)

For Plaintiff:      STEVEN R. DOLSON
                    Attorney at Law
                    126 North Salina Street
                    Syracuse, New York 13202

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  KATHRYN S. POLLACK, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1          THE COURT: I have before me a request for judicial
2    review of an adverse determination by the Commissioner
3    pursuant to 42, United States Code, Sections 405(g) and
4    1383(c)(3).
5          The background is as follows. The plaintiff was
6    born in June of 1978. She lives in Liverpool with her
7    daughter, who was nine years old at the time of the hearing
8    in this matter. She either, the record is somewhat unclear,
9    graduated from high school or has a GED and has taken some
10   college courses. She has a driver's license, although she
11   claims that she has not driven for a while because of her
12   conditions. Her past work includes as a licensed practical
13   nurse, a waitress, a sales associate and an assistant manager
14   in a mall store.
15         In support of her claim for disability benefits and
16   SSI benefits, she claims that she suffers from lumbar and
17   cervical pain, as well as in the mid back. Pain in her
18   hands. She has lost feeling and pain in both hands and
19   suffers from headaches. It appears that plaintiff was in a
20   motorcycle accident in 2009 which may have caused or
21   contributed to all or some of her conditions. She has been
22   diagnosed as suffering from carpal tunnel syndrome. She
23   testified that she has had bilateral releases performed. I
24   could only find evidence of a left hand release on
25   October 27, 2011 by Dr. Daniel Murphy at Syracuse Orthopedic

1  Specialists, or SOS.

2  She also underwent a discectomy with fusion by
3  Dr. Colin Harris, also at SOS, on November 1, 2013.  She has
4  complained of residual pain after that surgery.  She has
5  treated at SOS, with the New York Spine & Wellness Center
6  where she underwent nerve blocks, among other things, and
7  with the Dr. John Finkenstadt, who she began seeing or began
8  treating at that office in January 2014, apparently.

9  She's been prescribed many pain relievers and
10 muscle relaxers over time, including Flexeril, Mobic, Lyrica,
11 Celebrex, and Tramadol, and many more.  She's also attempted
12 physical therapy.

13 Procedurally, she applied for Title II benefits on
14 February 8, 2012 and Title XVI benefits on February 24, 2012.
15 Both applications allege a disability onset date of April 16,
16 2011.  The hearing was conducted in the matter by
17 Administrative Law Judge Mary Withum on March 10, 2014.  ALJ
18 Withum issued a decision on April 17, 2014 finding that the
19 plaintiff was not disabled at the relevant times and,
20 therefore, ineligible for benefits.  That became the final
21 determination of the Agency on June 15, if I can read my
22 writing correctly, 2015, when the Social Security
23 Administration Appeals Council denied plaintiff's application
24 for review of that determination.

25 The Administrative Law Judge in arriving at her

1  decision applied the familiar five-step test for determining
2  disability.  She concluded at step one that plaintiff had not
3  engaged in substantial gainful activity since her alleged
4  onset date.  The ALJ concluded that plaintiff suffers from
5  several severe impairments at step two, including bulging
6  lumbar disc, cervical disc degeneration, cervical
7  radiculopathy, cervical spondylosis, herniated lumbar disc,
8  degenerative disc disease of lumbar spine with radiculopathy,
9  occipital neuralgia, trochanteric bursitis, and carpal tunnel
10 syndrome.
11         She considered the listed, the relevant listed
12 presumptively disabling conditions set forth in the
13 Commissioner's regulations and concluded that plaintiff's
14 conditions did not meet or medically equal any of those
15 listed impairments.  After surveying the available evidence,
16 ALJ Withum concluded that plaintiff retains the residual
17 functional capacity to perform a range of sedentary work with
18 the exception of no climbing ladders, ropes or scaffolds; no
19 unprotected heights; sit/stand option alternatively at will
20 provided the claimant is not off task more than 5 percent of
21 the work period; occasionally stooping, crouching, kneeling
22 and crawling; frequent handling objects with both hands,
23 defined as gross manipulation; frequent fingering with both
24 hands, defined as fine manipulation of items no smaller than
25 the size of a paper clip.

1          Applying that RFC, the ALJ concluded the plaintiff
2    is not able to perform any of her past relevant work.  With
3    the assistance of a vocational expert at step five, the
4    Administrative Law Judge concluded that there were jobs
5    available in the national economy that plaintiff is capable
6    of performing despite her limitations, including as an order
7    clerk food, table worker, and final assembler.  And therefore
8    concluded that plaintiff was not disabled at the relevant
9    times.
10          Obviously, my task is limited and the role of the
11   Court is deferential.  My obligation is to ensure that proper
12   legal principles were applied and the decision is supported
13   by substantial evidence.  The RFC, the portion of plaintiff's
14   argument concerning the RFC I think I've addressed.  I
15   believe that the requirement that the plaintiff be able to
16   sit and stand at will provided she is not off task more than
17   5 percent of the time provides sufficient guidance to the
18   vocational expert to render meaningful opinions concerning
19   available jobs.
20          The Commissioner is correct that the report of
21   Dr. Lorensen appears to have been considered by ALJ Withum
22   and is, in fact, referenced earlier in the opinion.
23   Although, as plaintiff's counsel points out, the ALJ does not
24   indicate how much weight is assigned to that consultative
25   report.

1          I do agree that there are problems associated with
2  the rejection of Dr. Finkenstadt's opinions, the reasons
3  cited.  First of all, it is not true that the opinion that
4  she would be absent from work four times per month is a
5  matter reserved to the Commissioner.  I agree with plaintiff
6  that that was a proper observation on the part of
7  Dr. Finkenstadt and should have been considered by the
8  Administrative Law Judge.  My feeling is that the
9  Administrative Law Judge should have provided more guidance
10 as to the reasons for rejecting Dr. Finkenstadt's opinions.
11 To say that they are inconsistent with the evaluation notes
12 fails to take into consideration that there are no notes
13 whatsoever of the visits of January 24, February 7,
14 February 28, and March 18, 2014.  The only notes from
15 Dr. Finkenstadt that I could find relate to the January 2,
16 2014 visit and assessment.
17         And as plaintiff's counsel points out, it is
18 incorrect to say that there are no positive musculoskeletal
19 findings.  On page 527 and 528 it's very clear that there are
20 positive findings of limitations.  Among other things,
21 positive straight leg raise test on the left, and there are
22 other notations at 528 that show limitations.
23         I think a fuller assessment of Dr. Finkenstadt's,
24 the rejection of his treating source statement, medical
25 statement, and not giving it controlling weight, is required.

1  And I think it's particularly important in this case because
2  it's the only medical statement that is rendered after
3  plaintiff's cervical surgery.  And as counsel points out,
4  there is an indication, including the results of testing, I
5  think it was at page 499, if I recall correctly, that suggest
6  that she has lingering issues associated with her cervical
7  condition.
8         And so I think at the very least it triggered a
9  requirement by the Administrative Law Judge to either
10 recontact Dr. Finkenstadt and obtain notes of the other
11 visits, or to order a subsequent consultative exam to assess
12 her condition in light of the cervical issue that she
13 experienced that appears to have manifested itself in or
14 about 2013.
15        So I do not find that the determination of the
16 Commissioner resulted in proper legal principles and is
17 supported by substantial evidence, so I will grant judgment
18 on the pleadings to the plaintiff.
19        I agree with plaintiff's counsel that this is not a
20 case where there is such persuasive evidence of disability
21 that a directed finding and a remand for calculation only of
22 benefits is required.  So I will remand it for further
23 proceedings consistent with this opinion.  And I thank you
24 both for excellent presentations.
25                *               *               *

C E R T I F I C A T I O N

    I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

                                  */s/ Eileen McDonough*
                                  EILEEN MCDONOUGH, RPR, CRR
                                  Federal Official Court Reporter